*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-0063**

William O. Bradley,
Appellant,

vs.

Carol M. Kelley, et al.,
Respondents.

**Filed July 21, 2014
Affirmed
Smith, Judge**

Hennepin County District Court
File No. 27-CV-11-4816

John S. Jagiela, St. Paul, Minnesota (for appellant)

Gary G. Fuchs, Elizabeth E. Rein, Hammargren & Meyer, P.A., Bloomington, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Peterson, Judge; and Chutich, Judge.

# U N P U B L I S H E D   O P I N I O N

**SMITH**, Judge

We affirm the district court's dismissal of appellant William Bradley's trespass claim against respondents Carol and William Kelley because the district court correctly held that the holder of an easement cannot sue for trespass. We also affirm the district court's denial of Bradley's motion to disqualify the Kelleys' counsel because the district

court's determination that conflicted attorneys at their new law firm were sufficiently screened was not clearly erroneous. Finally, we affirm the district court's denial of Bradley's motion for attorney fees because we defer to the district court's determination that the Kelleys' counsel did not act in bad faith.

## FACTS

Bradley has a 22-foot wide easement over certain land owned by the Kelleys. Abutting the Kelleys' parcel is a parcel owned by a third party over which Bradley has a similar easement. Together, the two easements create a 44-foot-wide access to Bradley's land.

In March 2011, Bradley sued the Kelleys, asserting that they had trespassed and created a nuisance by interfering with and partially obstructing his easement over their land. The challenged conduct included construction of a fence and a stone retaining wall to protect a tree, the removal of part of an asphalt road that had previously been on the easement, and the covering of part of the easement with soil and grass. Bradley requested injunctive relief, damages, and attorney fees.

The Kelleys retained attorneys Gary Fuchs and Elizabeth Rein, of the Hellmuth & Johnson law firm. The case was referred for mediation, and the parties agreed to use attorney Timothy Cook of the Hammargren & Meyer law firm (H&M). The mediation occurred August 18, 2011, but was unsuccessful.

Bradley moved for partial summary judgment, and the Kelleys sought summary judgment on Bradley's trespass claim. The district court denied Bradley's motion, and it granted the Kelleys' motion. It ruled that, as a matter of law, trespass is an interference

2

with the right of another to possess land and, because Bradley's easement gave him the right to use rather than to possess the obstructed land, the Kelleys' obstruction was not a trespass.

On January 1, 2012, Fuchs and Rein joined H&M, bringing the Kelley matter with them. H&M did not employ formal processes to screen Cook from the case, and Fuchs and Rein apparently did not expressly notify Bradley's attorney of their new firm affiliation. On three dates in January 2012, however, Fuchs and Rein sent Bradley's attorney letters and other papers regarding the case on H&M letterhead. On February 9, 2012, Bradley's attorney noticed H&M's in Rein's email address. Bradley's attorney sent Rein an email asking whether a conflict of interest now existed since she and Fuchs had joined the firm of the former mediator for the case. Rein responded, stating that she saw no conflict "as the mediation concluded long ago."

Bradley questioned the potential conflict of interest at a pretrial conference, and later moved both for disqualification of H&M and for attorney fees associated with the motion. After a hearing, the district court denied both motions, noting that Cook's affidavit states that he "ha[s] never, and would never, violate the sanctity of the mediation process by sharing any [confidential] information," that he did not recall anything about the case other than generalities, that he stores his mediation files in a secure facility off the H&M premises, and that he did not discuss with Fuchs any confidential disclosures made to him during mediation, if, in fact, any confidential disclosures were made to him. The district court also noted that Fuchs's and Rein's communications with Bradley's attorney on H&M letterhead provided notice that Fuchs and Rein had joined H&M.

3

The matter proceeded to trial and the jury awarded Bradley $4,200 in nuisance damages. The district court denied the Kelleys' posttrial motions for judgment as a matter of law or for a new trial, partially granted Bradley's motion for injunctive relief (requiring the Kelleys to remove certain obstructions they put on the easement and to replace the asphalt they had removed), and denied Bradley's request for attorney fees.

## D E C I S I O N

## I.

Bradley asserts that the supreme court's holdings in *City of North Oaks v. Sarpal*, 797 N.W.2d 18 (Minn. 2011), and *Gandy Co. v. Freuer*, 313 N.W.2d 576 (Minn. 1981), "recognize[] the legal right of an Easement Holder to bring an action for Trespass against the Fee Owner of the Servient Property," rendering the district court's grant of summary judgment on his trespass claim erroneous. We review a district court's grant of summary judgment de novo, determining "whether there are any genuine issues of material fact" that should preclude summary judgment and whether the district court erred in its application of the law. *Dickhoff ex rel. Dickhoff v. Green*, 836 N.W.2d 321, 328 (Minn. 2013). "We examine the evidence in the light most favorable to the party against whom summary judgment was granted." *Id.* at 328-29.

"Traditionally, trespasses are distinct from nuisances: [t]he law of nuisance deals with indirect or intangible interferences with an owner's use and enjoyment of land, while trespass deals with direct and tangible interferences with the right to exclusive possession of land." *Johnson v. Paynesville Farmers Union Coop. Oil Co.*, 817 N.W.2d 693, 704 (Minn. 2012) (quotation omitted). An easement is "an entitlement to the use or

4

enjoyment of the land rather than an interest in the real property itself," *State v. Hess*, 684 N.W.2d 414, 420 (Minn. 2004), and it does not confer an exclusive right of possession, *Sampair v. Vill. of Birchwood*, 784 N.W.2d 65, 70 (Minn. 2010). The district court's conclusion that an easement holder cannot sue for trespass is therefore supported by caselaw.

The cases cited by Bradley do not undermine this conclusion. Although *Sarpal* involved an allegation of a property owner's encroachment on an easement, its holding addressed only the district court's application of equitable estoppel to a zoning ordinance and "whether the court of appeals articulated the proper standard of review" for an estoppel claim. S*ee* 797 N.W.2d at 22-27. Similarly, *Gandy Co.* addressed only the district court's finding of adverse possession finding by the property owner and its evidentiary rulings, ultimately remanding the case for the district court to consider a trespass allegation by the easement owner. 313 N.W.2d at 578-79. Because neither of these cases directly addresses the propriety of an easement holder bringing a trespass claim, Bradley's claim is unavailing. We therefore affirm the district court's grant of summary judgment to the Kelleys on Bradley's trespass claim.

## II.

Bradley next challenges the district court's denial of his motion to disqualify H&M from representing the Kelleys. We review a district court's decision regarding disqualification of counsel for an abuse of discretion, recognizing that "[a] district court abuses its discretion when it bases its decision on an erroneous view of the law or when it renders a decision that is contrary to the facts in the record." *State ex rel. Swanson v. 3M*

*Co.*, 845 N.W.2d 808, 816 (Minn. 2014).  We defer to a district court's factual findings of fact unless they are clearly erroneous.  *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999).  A finding is clearly erroneous if, after reviewing the record, we are "left with a definite and firm conviction that a mistake has been made."  *Id.* (quotation omitted).  When making this determination, we view the evidence in the light most favorable to the finding being challenged, *Trondson v. Janikula*, 458 N.W.2d 679, 682 (Minn. 1990), and defer to the district court's credibility determinations, *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988).  This deference includes a district court's determinations regarding the credibility of affidavits.  *Hestekin v. Hestekin*, 587 N.W.2d 308, 310 (Minn. App. 1998).

Generally, if an attorney acts as a mediator in a case, that attorney "shall not" represent anyone in that case, and the mediator's disqualification is imputed to the other attorneys at the mediator's firm.  Minn. R. Prof. Conduct 1.12(a), (c).  An exception to the disqualification of the other attorneys at the mediator's firm exists if, in relevant part, the disqualified attorney "is timely screened" from the case and "written notice" is given to the parties.  Minn. R. Prof. Conduct 1.12(c).  "Screened" means "the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these rules or other law."  Minn. R. Prof. Conduct 1.0(l).  "The purpose of screening is to assure the affected parties that confidential information known by the personally disqualified lawyer remains protected."  Minn. R. Prof. Conduct 1.0 cmt. 9.

Bradley asserts that "[t]here is no factual or legal basis" for the finding that Cook was "properly 'screened'" from this case. Although the district court acknowledged that H&M "does not appear to have instituted formal screening procedures," it credited Cook's affidavit, highlighting his statements that confidential information is usually not disclosed to the mediator of a case, that he recalled no confidential information being disclosed to him in his mediation of this case, and that he "isolates the cases in which he acts as mediator from the cases in which he acts as legal counsel," "never" violates "the sanctity of the mediation process by sharing any [confidential] information outside the confines of the mediation process," and keeps his mediation files "in secure off-site storage." The district court also noted that Bradley did not submit an affidavit indicating that any confidential information had been disclosed to Cook, and concluded that the record was "devoid" of any indication that Cook had inappropriately disclosed any confidential information. On this record, the district court did not abuse its discretion by concluding that "the measures taken to screen [Cook] from participation in this matter were reasonably adequate under the circumstances."

Regarding notice, the district court stated that "the record shows that [the Kelleys'] counsel was not trying to hide their association with [H&M]." It concluded that communications from the Kelleys' counsel to Bradley's counsel on H&M letterhead "put [Bradley] on notice" of their new affiliation, and because "there does not appear to have been any actual harm to [Bradley]," disqualifying "all of the attorneys at [H&M] in this situation would unduly harm the Kelleys." Although we agree with the district court that "it may have been preferable for [the Kelleys'] counsel to send [Bradley] a letter that

7

specifically notified" him of their new affiliation, we conclude that the district court did not abuse its discretion by holding that "their failure to do so does not constitute a violation of Minn. R. Prof. Conduct 1.12." Accordingly, we affirm the district court's denial of Bradley's motion to disqualify H&M.

## III.

Bradley argues that the district court erroneously denied his requests for attorney fees. Bradley sought attorney fees based on alleged "bad faith" violations of Minn. R. Prof. Conduct 1.12, discussed above, and violations of a pretrial order. *See* Minn. R. Civ. P. 16.06 (permitting sanctions for an attorney's failure "to participate in good faith"), 37.02(b) (permitting sanctions for failure to comply with a discovery order).[1] We review the district court's decision whether to award attorney fees for an abuse of discretion. *See Frontier Ins. Co. v. Frontline Processing Corp.*, 788 N.W.2d 917, 926 (Minn. App. 2010), *review denied* (Minn. Dec. 14, 2010).

The district court observed that the Kelleys' counsel "performed with professionalism, integrity, courtesy, and candor throughout these proceedings" and that "[t]his included their change of law firms which brought about a Motion to Disqualify." Whether a party acts in good faith is a credibility question, and we defer to the district

---

[1] For the first time in his reply brief, Bradley asserts that under *Patton v. Newmar Corp.*, 538 N.W.2d 116 (Minn. 1995), the district court should have used its "inherent authority" to award attorney fees for the discovery violations. Issues first raised in a reply brief are not properly before this court. *See McIntire v. State*, 458 N.W.2d 714, 717 n.2 (Minn. App. 1990) (stating that issues not addressed in an appellant's principal brief have been "waived and cannot be revived by addressing them in the reply brief"), *review denied* (Minn. Sept. 28, 1990). Therefore we decline to address Bradley's inherent-authority argument.

8

court's credibility determinations. *See Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 728 (Minn. 1985) (stating that whether party acted in good faith is, essentially, a credibility determination); *Sefkow*, 427 N.W.2d at 210 (stating that appellate courts defer to district court credibility determinations). Because the relevant ground for a fee award under rule 16.06 requires bad faith and because we defer to the district court's determination that Kelleys' counsel did not act in bad faith, we affirm the district court's refusal to award fees on the basis of that rule. And because the district court also cited the good conduct of the Kelleys' counsel when declining to award attorney fees under rule 37.02(b), we conclude that its refusal was not an abuse of its discretion.

On appeal, Bradley cites *Brausen v. Peterson*, No. A10-971, 2011 WL 500050 (Minn. App. Feb. 15, 2011), to support his claim that attorney fees are justified. But unpublished opinions of the court of appeals are not precedential. Minn. Stat. § 480A.08, subd. 3(c) (2012). Even if we considered *Brausen* as persuasive authority, it merely affirmed a district court's discretionary decision to award attorney fees; it did not hold that such a decision was mandatory. *See Brausen*, 2011 WL 500050, at *5. *Brausen* also involved a request for attorney fees under Minn. Stat. § 549.211 (2008) and Minn. R. Civ. P. 11.03, *see id.* at *4, which are not applicable to Bradley's claims. Accordingly, Bradley is not entitled to attorney fees on this basis.

**Affirmed.**

9