**Darlene A. ORMAN, Petitioner, Appellant,**

v.

**Timothy John ORMAN, Respondent.**

**No. C8–83–763.**

Supreme Court of Minnesota.

Feb. 24, 1984.

Rehearing Denied March 22, 1984.

**416**

James H. Manahan and Doris C. McKinnis, Mankato, for petitioner.

John F. Bonner, III, Minneapolis, for respondent.

TODD, Justice.

Darlene Orman sought recovery of delinquent child support payments from her former husband, Timothy John Orman. The decree of divorce was entered in 1975 and provided for annual adjustments in accordance with the Consumer Price Index of the United States Department of Labor. The trial court refused to enforce this provision of the decree on the grounds it was too indefinite and uncertain and that the use of such formula was not customary or appropriate under the facts and circumstances of this case. We reverse.

The issue in this case is quite narrow and precise. The parties stipulated to inclusion of the following provision in their decree of divorce, to-wit:

> As and for additional child support, in addition to the amounts stated above, in each calendar year a determination shall be made as to the increase in cost of living for that year as published in the Consumer Price Index by the Department of Labor and Respondent shall pay to Petitioner the percentage increase in each year compounded.

It is acknowledged that in 1975 there existed only one consumer price index. Since that time the Bureau of Labor Statistics has published new indexes but has continued the original index as the Consumer Price Index for all Wage-earners and Clerical Workers. The referee concluded that the C.P.I. was not specifically defined and the method of computing the increase is unclear. The trial court affirmed this conclusion.

We find no basis for such a result. The Consumer Price Index of the Department of Labor was the only such index in existence in 1975. The fact that other indexes are subsequently adopted does not make this provision of the divorce decree unenforceable. Numerous wage contracts and other important legal matters are affected by changes in the original C.P.I. There is no reason that the support payments in this decree cannot also reflect such changes.

Reversed and remanded for determination of arrearages in accordance with the terms of the original decree.