**In re the Marriage of Darlene A. ORMAN, a.k.a. Darlene A. Gates, Petitioner, Respondent,**

v.

**Timothy John ORMAN, Appellant.**

Nos. C2–84–1904
and C6–85–247.

Court of Appeals of Minnesota.

March 26, 1985.

Review Denied May 31, 1985.

Doris C. McKinnis, Minneapolis, for respondent.

John F. Bonner, III, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

The father appeals enforcement of an escalator clause for child support payments. He also challenges the trial court's award of attorney's fees to the mother. The mother cross appeals denial of prejudgment interest on child support arrearages arising under the escalator clause.[1] We affirm.

## FACTS

Darlene and Timothy Orman's marriage was dissolved in January 1975. The dissolution decree gave the mother custody of the couple's four children and ordered the father to pay $700 per month child support. The decree also included the following escalator clause.

As and for additional child support, in addition to the amounts stated above, in each calendar year a determination shall be made as to the increase in cost of living for that year as published in the Consumer Price Index by the Department of Labor and Respondent [father] shall pay to Petitioner [mother] the percentage increase in each year compounded.

In December 1981 the mother sought to recover delinquent child support payments. The trial court found that the escalator provision was too indefinite and uncertain to be enforced. It amended the decree to provide for prospective annual increases of 7%.

The mother appealed. The Minnesota Supreme Court reversed and remanded with instructions to determine arrearages in accordance with the terms of the original decree.

On remand, the trial court interpreted the provision to require cost of living adjustments to be made every January on the anniversary of the dissolution decree. The court ordered annual adjustments equal to the percentage increase in the January consumer price index from one year to the next.

## ISSUES

1. Does res judicata bar relitigation of the father's claim that a child support cost-of-living escalator provision is too vague to be enforced?

2. Did the trial court err in awarding the mother attorney fees?

3. Did the trial court err in not awarding the mother prejudgment interest on arrearages arising from the escalator provision?

## ANALYSIS

■ 1. The Minnesota Supreme Court already has rejected the father's claim that the escalator clause is too indefinite and uncertain to be enforced. The court held:

---

1. By order dated March 8, 1985 additional briefing in Case No. C6–85–247 was denied because all substantive issues were fully covered in Case No. C2–84–1904.

The trial court refused to enforce this provision of the decree on the grounds that it was too indefinite and uncertain and that the use of such formula was not customary or appropriate under the facts and circumstances of this case. We reverse.

*Orman v. Orman,* 344 N.W.2d 415, 416 (Minn.1984). That decision bars relitigation of the same issue.

The father's contention that the court's enforcement of the provision was a modification of child support is simply another variation on the same argument. The trial court did not modify the terms of the escalator provision. It merely interpreted or clarified them. The trial court's determination of which index to use, and the time for measurement and adjustment of payments was reasonable and consistent with the terms of the original decree.

■ 2. Minn.Stat. § 518.14 (1982) allows for the award of attorney fees in dissolution cases. The award of attorney fees rests almost entirely in the discretion of the court and will not be disturbed absent a clear abuse of discretion. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App. 1984). Given the protracted proceedings in this case and the husband's income, the award was not an abuse of discretion. Furthermore, since the father's appeal raises only issues already decided by the Minnesota Supreme Court, we award the mother attorney fees on appeal.

■ 3. The mother also seeks prejudgment interest on the arrearages. Minnesota allows pre-judgment interest on non-liquidated claims only where the amount is readily ascertainable. *Material Movers, Inc. v. Hill,* 316 N.W.2d 13 (Minn.1982). In this case the father could not determine the amount of the arrearages until the trial court clarified the escalator provision. If the court had interpreted any one of several variables differently the amount owed could have changed. Therefore, the trial court did not err in denying pre-judgment interest.

**DECISION**

We affirm the trial court's decision and award the mother $400 for attorney fees on appeal.