**Van Thuy TRAN, Respondent,**

v.

**RICHFIELD BANK & TRUST CO., Appellant.**

**No. C9–88–1939.**

Court of Appeals of Minnesota.

Feb. 7, 1989.

Gregory J. Holly, Morris, Fuller & Seaver, Minneapolis, for respondent.

Lawrence J. Skoglund, Chadwick, Johnson & Condon, Minneapolis, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and RANDALL and BOWEN,* JJ.

## OPINION

RANDALL, Judge.

This is an appeal from a summary judgment awarding respondent treble damages for including delinquent real estate taxes as costs and disbursements in a foreclosure affidavit. We reverse.

### FACTS

In 1984, respondent executed two mortgages in favor of appellant Richfield Bank & Trust (the Bank), with commercial property as security. The first mortgage was in the amount of $300,000 and the second mortgage was in the amount of $60,000. In October of 1986, respondent defaulted

---

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. VI, § 2.

on both mortgages, with $296,158.68 due on the first mortgage and $58,979.54 due on the second mortgage. The Bank began foreclosure by advertisement. A sheriff's sale was held December 12, 1986. The Bank bid $329,597.61 on the first mortgage and $61,278.11 on the second mortgage. The Bank was the only bidder at the sale.

On the day of the foreclosure sale, the Bank executed an Affidavit of Costs and Disbursements in the amount of $30,579.37. The listing of costs and disbursements included $27,788.67 in delinquent real estate taxes, penalties, and interest for the years 1984 and 1985. It is not in dispute that the delinquent real estate taxes were owed, and that respondent owed them. The Bank had not paid the delinquent real estate taxes when the affidavit was made, as required by statute, if you list delinquent real estate taxes as "costs and disbursements." Respondent's redemption period expired on June 12, 1987. Respondent failed to redeem the property. On July 1, 1987, the Bank paid the delinquent real estate taxes.

Respondent sued the Bank for three times the delinquent real estate taxes because they were not paid by the Bank at the time of foreclosure. Both parties moved for summary judgment. The trial court granted respondent's motion. The trial court awarded respondent $83,365.83, representing treble the amount of delinquent real estate taxes listed on the affidavit of costs and disbursements.

## ISSUE

Did the trial court err in granting respondent summary judgment and denying appellant's motion for summary judgment?

## ANALYSIS

"On appeal from a summary judgment, it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

The trial court found that the Bank included respondent's delinquent real estate taxes as costs and disbursements in its foreclosure affidavit, but that the taxes were not paid at the time the affidavit was made. The court held that, pursuant to Minn.Stat. § 580.18 (1988), this listing constitutes an excessive cost and respondent was entitled to recover treble damages.

Minn.Stat. § 580.18 states:

[a]t any time within one year after the sale, the mortgagor * * * *may recover from the owner of the mortgage at the time of foreclosure three times the amount of any sums charged as costs or disbursements on such foreclosure but not absolutely paid,* unless such amounts have been paid to the mortgagor * * *.

*Id.* (emphasis added). "Absolutely paid" is defined as paid "without any reservation, agreement or understanding, express or implied, that the payer shall have any rake off, commission, or advantage whatever from it, except as payment of that particular debt." *Hobe v. Swift,* 58 Minn. 84, 90, 59 N.W. 831, 832 (1894).

Earlier foreclosure cases indicate that the purpose of the statute is to deter the mortgagee from including expenses within the foreclosure sale which are not actually paid. A mortgagee that includes excessive costs in a foreclosure affidavit profits when the mortgagor is forced to redeem the property at the amount stated in the affidavit (as then the amount paid to redeem is more than the amount actually owed). In this situation, the statute allows a mortgagor to recover up to three times the amount the mortgagee claims, but did not actually expend.

We hold that the trial court erred in applying section 580.18 to this case. The abuse the statute intends to prevent, which is charging excessive foreclosure costs, does not exist here. There is no fraudulent intent on the part of the Bank. Respondent never paid nor attempted to pay the delinquent real estate taxes which were properly chargeable to her as the owner of the property. The standard terms of the mortgage held respondent responsible for those real estate taxes. Respondent was aware of the amount of taxes owed on the

property. Respondent was advised of the amount of taxes owed through tax statements and the notice of foreclosure. Furthermore, the Bank's bid at the sheriff's sale included the unpaid real estate taxes over and above the unpaid mortgage. Although the Bank did not pay them on-the-spot, as technically it should have (since it listed them in the affidavit), it is not questioned that the Bank would have had to eventually pay the delinquent taxes, interest and penalties in full in order to protect its interest in the real estate. The Bank, in fact, did pay those taxes, interest and penalties.

Respondent suffered no monetary damages by the Bank's actions. Her redemption rights were not impaired. There is no evidence that respondent had financing in place in the amount of $363,000, but was rejected for financing in an amount of $390,000. Respondent does not claim that she could have redeemed the property, which was in default in an amount over $300,000, except for the additional approximate $27,000 in back taxes.

Based on these facts, we find that respondent's redemption rights were not prejudiced by listing the taxes as costs and disbursements, and that respondent had zero out-of-pocket losses.

Minn.Stat. § 580.18 states that a mortgagor *may* recover treble damages for any sums charged but not paid. The language of the statute indicates its application is permissive. Here, the $83,000 damage award has no relationship to any claimed out-of-pocket costs, no relationship to any deprivation of a legal right, and no relationship to any provable damages. On these facts, it was error for the trial court to apply a literal interpretation to the statute. We agree with appellant that the result was an unconscionable windfall far above the intent of the statute.

## DECISION

The decision of the trial court granting respondent summary judgment is reversed, and judgment entered for appellant. Respondent had zero provable damages. Respondent was not prejudiced, either in money or in legal rights, by the Bank's listing delinquent real estate taxes prior to actually paying them. On these facts, the award of treble damages was inappropriate.

REVERSED.