HOLIDAY RECREATIONAL INDUSTRIES, INC., Respondent,

v.

MANHEIM SERVICES CORPORATION, d/b/a Minneapolis Auto Auction, Appellant.

No. C0–99–187.

Court of Appeals of Minnesota.

Sept. 14, 1999.

James G. Bullard, James J. Sticha, Leonard, Street and Deinard, P.A., Minneapolis, MN (for respondent).

Eric J. Magnuson, Karen Imus Johnson, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, MN; and Michael J. Spillane, Spillane Attorneys, Edina, MN (for appellant).

Considered and decided by ANDERSON, Presiding Judge, TOUSSAINT, Chief Judge, and RANDALL, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant challenges summary judgment for sale of motor vehicle in violation of Minnesota's title branding statute, and for breach of contract, and the award of treble damages and attorney fees. Because appellant failed to disclose that the vehicle had branded title, we affirm.

## FACTS

This appeal arises from the private auction of a motor vehicle. Appellant Manheim Services Corporation and respondent Holiday Recreational Industries are Minnesota-licensed auto dealers. Respondent is a registered Minnesota auto-dealer corporation. Appellant is a Delaware corporation, registered in Minnesota as a dealer-to-dealer wholesale auctioneer of motor vehicles.

In early 1997, respondent purchased a 1992 Saturn for $4,665 at an auction held by appellant. Prior to auctioning the Saturn, appellant announced that the vehicle was absent title. The vehicle was owned by Olympic Financial, Ltd. (Olympic), which is not a party in this case. After purchasing the vehicle, respondent made $1,105.36 in repairs to the vehicle. Between February 20 and the end of March 1997, respondent contacted appellant on at least six occasions, specifically requesting title to the vehicle.

In April 1997, appellant learned that the vehicle had salvage title. Appellant notified respondent of the title defect. In response, respondent offered (1) to return the vehicle in exchange for expenses incurred for repairs, or (2) to keep the vehicle in exchange for the difference between the vehicle's purchase price and its salvage value. Appellant rejected both offers, but offered (1) to refund the purchase price or (2) to allow an $800 adjustment for the salvage title. Respondent rejected both offers.

On July 14, 1997, appellant received the salvage title from Olympic Financial. The same day, appellant cashed respondent's check for the vehicle without turning over the title to respondent. Respondent sued, arguing that appellant (1) violated Minnesota's title branding law by failing to disclose before the sale that the vehicle had branded title, and (2) breached its sales contract when it cashed respondent's check prior to providing good title to the vehicle. The district court granted summary judgment in favor of both arguments.

After a bench trial on damages, the district court awarded respondent $30,169.54: (1) $5,770.36 for the purchase price and repair costs, trebled to $17,311.08 because appellant consciously disregarded respondent's rights, plus (2) $12,858.46 in attorney fees. The court then granted respondent $1,260 in attorney fees for defending appellant's failed motion for amended findings.

## ISSUES

I. Did the district court err in ruling that appellant violated Minnesota's title branding statute?

II. Did the district court err in awarding treble damages and attorney fees for appellant's violation of the title branding law?

## ANALYSIS

On appeal from summary judgment, a reviewing court must determine whether

there are any genuine issues of fact and whether the district court erred in its application of the law. *Wiederholt v. City of Minneapolis*, 581 N.W.2d 312, 315 (Minn. 1998). In so deciding, this court is not bound by a district court's decision on a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Yet, a reviewing court views "the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted).

## I.

■■■■ The first issue concerns the application of Minnesota's title branding statute and is a matter of first impression. "Questions of statutory construction are questions of law and are fully reviewable by an appellate court." *Metropolitan Sports Facilities Comm'n v. County of Hennepin*, 561 N.W.2d 513, 515 (Minn. 1997) (citation omitted). The court of appeals reviews an interpretation of the law de novo. *Winkler v. Magnuson*, 539 N.W.2d 821, 825 (Minn.App.1995).

The title branding law is found within the Minnesota Consumer Protection Act at Minn.Stat. § 325F.6642 (1998). Section 325F.6642, subd. 7, provides that:

> If a licensed motor vehicle dealer offers for sale a vehicle with a branded title, the dealer shall orally disclose the existence of the brand in the course of the sales presentation.

A "branded" title is a title stamped to indicate that the vehicle has suffered water or flood damage, is "prior salvage," or is rebuilt or reconstructed. Minn.Stat. § 325F.6642. The district court ruled that appellant violated this subdivision because appellant (1) was a licensed dealer, that (2) failed to disclose that the vehicle had branded title. On appeal, appellant argues that the title branding law does not apply, because (1) appellant was not a "seller" of the vehicle, and (2) respondent does not qualify for protection under the act.

■■■■ We begin by rejecting appellant's attempt to narrow the scope of the act. Minnesota's Consumer Protection Act is remedial in nature and is to be liberally construed in favor of protecting consumers. *State by Humphrey v. Alpine Air Prods., Inc.*, 490 N.W.2d 888, 892 (Minn. App.1992), *aff'd*, 500 N.W.2d 788 (Minn. 1993). Furthermore, the supreme court has provided for a strict application of the act's provisions, explaining that the act reflects "a clear legislative policy encouraging aggressive prosecution of statutory violations." *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 495 (Minn. 1996) (reviewing those portions relating to consumer fraud, unlawful and deceptive trade practices, and false advertising).

Subdivision 7 unambiguously requires oral disclosure of a title defect if (1) a licensed motor vehicle dealer (2) offers for sale (3) a vehicle with branded title. Appellant does not challenge the fact that the 1992 Saturn had salvage title, which qualifies as branded title. *See* Minn.Stat. § 325F.6642, subd. 2.

■■■■ We reject appellant's contention that because it was auctioning the vehicle it does not qualify as a licensed motor vehicle dealer under the act. Although section 325F.6642 does not define a "licensed motor vehicle dealer," we agree with the district court's application of the definition found at Minn.Stat. § 168.27, subd. 1(5) (1998). Section 168.27 provides the requirements relating to the licensing of motor vehicle dealers in this state. We note that section 168.27 provides not only for the licensing of dealers, but also auctioneers. Appellant's argument requires that we reject the very statutory framework which empowered appellant to auction the vehicle in question. Because section 168.27, subdivision 1(5), includes "auctioneers" of new and used motor vehicles in its definition of "dealer," we conclude that appellant, as an auctioneer, was a licensed motor vehicle dealer under the

title branding act when it auctioned the vehicle to respondent.

 Appellant's auction also qualifies under the act. The title branding law applies to a dealer which "offers [a vehicle] for sale." Minn.Stat. § 325F.6642, subd. 7. Appellant was acting as the agent of the vehicle owner and was offering that vehicle for sale. Moreover, the statutory auction-licensing requirements for appellant describe "[a]uctioning motor vehicles" as "arranging for and handling the sale of motor vehicles, not the property of the auctioneer." Minn.Stat. § 168.27, subd. 1(4) (1998). Consistent with a liberal interpretation of the Consumer Protection Act to effect "aggressive prosecution of statutory violations," *Philip Morris*, 551 N.W.2d at 495, we conclude that appellant's actions qualify as an "offer[ ] for sale" under the title branding law.

 Appellant argues that the legislature did not intend to include licensed motor vehicle dealers, seasoned in the motor vehicle business, in the class of consumers deserving of protection. The problem here is that subdivision 7 is not expressly limited to unknowledgeable buyers. Moreover, courts have held that Minnesota's consumer protection statutes are not limited to protecting individual consumers and have applied the law to protect different non-individual entities. *See Church of the Nativity of Our Lord v. WatPro, Inc.*, 491 N.W.2d 1, 8 (Minn.1992) (applying Consumer Fraud Act in favor of church); *see also Hutchinson Utils. Comm'n v. Curtiss–Wright Corp.*, 775 F.2d 231, 243 (8th Cir.1985) (fraud act applied in favor of municipality); *Eager v. Siwek Lumber & Millwork, Inc.*, 392 N.W.2d 691, 695 (Minn.App.1986) (in favor of construction contractors), *review denied* (Minn. Oct. 22, 1996).

 Finally, appellant's procedural arguments are unpersuasive. Appellant argues that because it stated that the vehicle was "title absent" prior to auction, it satisfied the intent of the title branding law.

Nothing in the law provides for alternative methods of disclosure or notice. The intent of the law is clear: A dealer must disclose to a buyer if a vehicle has branded title. Moreover, appellant admits that it did not know until five months after the sale that the vehicle had branded title. Appellant did not comply with the law—indeed, it could not have disclosed what it did not know. As such, appellant's attempt to read a notice feature into the case is misplaced and appellant's attempt to demonstrate a fact issue as to respondent's other purchases of "title absent" vehicles does not overcome its noncompliance with the explicit requirements of the law.

## II.

 Appellant challenges the damages and attorney fees awarded respondent under the title branding law. Damages and awards of attorney fees are reviewed under an abuse of discretion standard. *See Phelps v. Commonwealth Land Title Ins. Co.*, 537 N.W.2d 271, 274 (Minn.1995) (reviewing doubling of damages); *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987) (attorney fees). Findings on damages will not be set aside unless clearly erroneous. *Kohn v. City of Minneapolis Fire Dept.*, 583 N.W.2d 7, 14 (Minn.App.1998), *review denied* (Minn. Oct. 20, 1998).

The title branding law provides for the award of actual damages, costs, and reasonable attorney fees for a violation of section 325F.6642. Minn.Stat. § 325F.6643(b) (1998). In addition, subsection (b) provides that the court "[i]n its discretion * * * may increase the award of damages to an amount not to exceed three times the actual damages sustained."

 Respondent established actual, verified damages in the amount of $5,770.36. Appellant's challenge to these damages was unsupported by the record. Actual damages must be verified prior to enhancement and that requirement was

met by respondent. *See McDaniel v. United Hardware Distrib. Co.*, 469 N.W.2d 84, 87 (Minn.1991) (punitive damages); *Tran v. Richfield Bank & Trust Co.*, 435 N.W.2d 151, 153 (Minn.App.1989) (treble damages).

Appellant has failed to demonstrate that the district court abused its discretion in awarding respondent actual damages of $5,770.36. This total was the sum of the original cost paid for the vehicle plus repair work performed by respondent. While both parties debate the breach of contract issue, there is no question that appellant has yet to turn over the vehicle's title to respondent despite cashing respondent's check for payment for the vehicle. As such, respondent has been denied the benefit of its bargain with appellant. Without title, the vehicle is worth nothing to respondent, entitling appellant to return of the original price paid—$4,665. In exchange, respondent must hold ready for appellant the vehicle to return the parties to their pre-bargain positions.

Moreover, appellant misconstrues its 1996 Rules and Arbitration manual as prohibiting the award for repairs. The parties argued an additional breach of contract issue as to whether appellant's 1995 or 1996 manual applies as the underlying contract. We apply the 1996 manual without reaching a conclusion on this issue, but only to demonstrate that in adopting that manual requested by, and most favorable to, appellant, its argument still fails. The 1996 manual prohibits reimbursement for repairs but this prohibition is inapplicable where there has been a violation of the statute.

▉ Appellant also argues that the district court abused its discretion in trebling the damage award. The supreme court has explained that where the legislature's intent on the multiplication of damages is clearly manifested in plain and unambiguous language no statutory construction is necessary or permitted. *Phelps*, 537 N.W.2d at 274. The absence of multiplication of damage-award guidelines neither creates an ambiguity nor allows courts to manufacture award guidelines in their absence. *Id.*

▉ The legislature gave the district court discretion to treble damages. Minn. Stat. § 325F.6643(b). In this case, the district court concluded that it was appropriate to treble damages because appellant made "deliberate attempts to mislead" respondent and acted in "conscious disregard of [respondent]'s rights." Appellant has not established that the district court abused its discretion in awarding treble damages.

▉ Finally, appellant's attorney fee argument is misplaced. Section 325F.6643(b) mandates that an injured party "shall recover * * * reasonable attorney fees." The legislature requires the award of reasonable attorney fees for violations of the title branding law. Our review is limited to determining whether the fees were reasonable. Whether proceedings have been unusually protracted is a factor in awarding attorney fees. *Orman v. Orman*, 364 N.W.2d 836, 838 (Minn.App. 1985), *review denied* (Minn. May 31, 1985). The district court found (1) that respondent repeatedly sought to negotiate a settlement before and during litigation; (2) that the case was unusually protracted—twice through conciliation court and then district court; (3) that appellant missed a conciliation court proceeding, resulting in a default judgment and a subsequent motion to vacate; (4) that appellant's attorney had attempted to bully respondent; and (5) that respondent had not retained counsel until district court. These findings are amply supported by the evidence. The district court's award of fees is authorized by statute and is reasonable.

## DECISION

The district court's grant of summary judgment on liability is affirmed. Appellant violated the Minnesota title branding statute by selling at auction a vehicle without disclosing the existence of branded

title. The district court did not abuse its discretion in awarding actual damages, in trebling those damages, or in awarding attorney fees to respondent. These amounts will return the respondent to its pre-auction position. Respondent must also make the vehicle available to appellant.

**Affirmed.**