STRAS, Justice
(dissenting).
In Irwin v. Surdyk’s Liquor, we held that Minn.Stat. § 176.081, subd. 1(a) (2012), infringes on the judicial power by prohibiting judicial review of statutory awards of attorney fees to ensure that they provide adequate compensation for attorneys litigating claims for workers’ compensation benefits. 599 N.W.2d 182, 141-42 (Minn.1999); see also Minn. Const. art. Ill, § 1. This case presents the other side of the same question: whether the statute violates the separation of powers by prohibiting judicial review of excessive attorney-fee awards under the statute.
I continue to harbor doubts about our decision in Irwin, because the Legislature typically has the authority to regulate recoveries in civil actions, including the amount of attorney fees available, particularly when a case involves a statutory cause of action like a claim for workers’ compensation benefits. Cf. Irwin, 599 N.W.2d at 144-46 (Anderson, Russell, J., dissenting). Irwin, nonetheless, is good law, and no one has asked us to modify it here. Our task is simply to clarify whether Irwin’s holding that we must retain “final, independent review” over an award of attorney fees that is too low, id. at 142, extends to instances in which an award is too high. As the court recognizes, the answer to that question is straightforward, because “the central point of Irwin ... applies regardless of whether a statutory formula establishes a ceiling or a floor for a fee award.” In my view, the foregoing analysis fully answers the question presented and I would proceed no further.
I.
Instead, as a matter of comity, the court declines to apply Irwin’s constitutional reasoning here.[1] When we have deferred to the Legislature as a matter of comity, even when a statute encroaches on the judicial power, as it does here, our decision to defer to the Legislature is itself an exercise of judicial power. Cf. State v. Willis, 332 N.W.2d 180, 184 (Minn.1983) (deciding to enforce a statute as a matter of comity “since it neither interferes with nor impairs a judicial function”). Howev *279 er, unlike in those instances in which we have elected to enforce a statutory provision that would otherwise violate the separation of powers, there is good reason not to do so here.
The court justifies its decision by emphasizing that the formula for calculating attorney fees under the statute resembles a contingent-fee arrangement.[2] See Minn. Stat. § 176.081, subd. 1(a) (2012) (providing for a fee equal to 25 percent of the first $4,000 recovered plus 20 percent of the next $60,000). “[T]he Legislature reasonably adopted a formula for calculating fee awards that mimics the risk-spreading features of contingent-fee retainer agreements,” the court explains, so it is natural that, “in a particular case, the Legislature’s formula may result in a higher fee than the attorney might receive if paid by the hour or under a different formula.” Thus, according to the court, there is no reason for the court to review the fee to ensure that it is not excessive.
The flaw in the court’s argument, however, is that its rationale applies equally to the situation in Irwin. The possibility that “the Legislature’s formula may result in a [lower] fee than the attorney might receive if paid by the hour or under a different formula” is just as much “an element of the risk-spreading inherent in contingency formulas” as is the possibility of the formula generating a higher fee in a particular case. Indeed, the fact that the attorney bears the risk of a low recovery, or even non-recovery, in an unsuccessful case is precisely what justifies charging the higher fee in a successful case. Cf. Gisbrecht v. Barnhart, 535 U.S. 789, 810, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (Scalia, J., dissenting) (explaining that a eontin-gent-fee arrangement “assign[s] the risk of an unsuccessful outcome to the attorney, in exchange for a percentage of the recovery from a successful outcome that will (because of the risk of loss the attorney has borne) be higher ... than what the attorney would receive in hourly billing for the same case”). Accordingly, the fact that the Legislature has adopted a contingent-fee approach for setting attorney-fee awards in workers’ compensation cases does not provide a basis for adopting a different approach here than in Irwin.
II.
The court also asserts that adhering to Irwin in this case would undermine the legislative objectives embodied in Minn. Stat. § 176.081, subd. 1(a). What the court fails to acknowledge, however, is that our decision in Inuin has already undermined the legislative scheme. The court does not assert, nor could it, that the text of Minn.Stat. § 176.081, or of any other provision of the Workers’ Compensation Act for that matter, expresses a legislative preference for judicial review of only those attorney-fee awards that are allegedly too low, while leaving intact awards that are potentially too high. In fact, by reviewing only attorney-fee awards that may be too low, the court is likely doing more damage to the legislative scheme by creating an asymmetric preference in favor of higher attorney-fee awards in workers’ compensation cases. Enforcing only part of the statute, in other words, has the potential to undermine the delicate “compromise struck in the workers’ compensation statute balancing certain, but limited, benefits provided to employees injured in the course of their employment with the limi *280 tations on the ability of workers to recover damages in tort actions.” Stringer v. Minn. Vikings Football Club, LLC, 705 N.W.2d 746, 755-56 (Minn.2005).
Moreover, the various legislative policies that the court claims would be undermined by judicial review of attorney-fee awards were announced in cases under prior versions of the Workers’ Compensation Act that expressly permitted judicial review of attorney-fee awards. See, e.g., Mack v. City of Minneapolis, 383 N.W.2d 744, 752 (Minn.1983) (noting that, under the Workers’ Compensation Act, “ultimately we can review all attorney fees decisions”); see also Minn.Stat. § 176.081, subds. 3-4 (1982) (providing that an employee could seek review of an award of attorney fees in the workers’ compensation court of appeals and in this court); Minn.Stat. § 176.081, subd. 4 (1980) (providing that an employee could seek review of an award of attorney fees in this court); Minn. Stat. § 8201 (1913) (“No claim for legal services or disbursements pertaining to any demand made or suit brought under the provisions of this act shall be [valid] ... unless the same be approved in writing by the judge presiding at the trial....”). Indeed, some of the decisions applied versions of the statute that required courts to review fee awards under a list of factors that were almost identical to the factors that we adopted in Irwin. Compare Minn. Stat. § 176.081, subd. 5(d) (1982), and Minn. Stat. § 176.081, subd. 5(d) (1980), with Irwin, 599 N.W.2d at 142. The court does not explain how the possibility of judicial review in this case would undermine legislative policies that our previous decisions have said were furthered by a similar type of judicial review for reasonableness. E.g., Kahn v. Univ. of Minn., 327 N.W.2d 21, 24 (Minn.1982) (noting that the “statutory scheme for application and review of attorney fee requests [by- the agency] evinces two distinct purposes”: to protect claimants from excessive charges and to insure that the attorneys representing them receive reasonable compensation).
Finally, the court fails to directly address the argument made by the employer and the insurer (collectively, ■ “the rela-tors”). According to the court, the rela-tors urge us to review attorney-fee awards by “[cjonducting a case-by-case determination of attorney fees.” However, the rela-tors actually request a “determination of an attorney fee pursuant to the Irwin factors,” through consideration of, among other things, “the amount involved, the time and expense necessary to prepare for trial, the responsibility assumed by counsel, the experience of counsel, the difficulties of the issues, the nature of the proof involved, and the results obtained.” Irwin, 599 N.W.2d at 142. The court fails to explain how the sort of review the relators actually seek, based on the factors that we already endorsed in Irwin, undermines the statute.
III.
The court also purports to create an exception for truly excessive awards in “exceptional circumstances,” but then deprives the relators of the benefit of that exception based on another misreading of their argument. This time, the court conclusively determines that the relators “have not presented any exceptional circumstances” because they did not present evidence that the fee in this case was excessive. The problem is that the rela-tors had no reason to present evidence of the excessiveness of the fee to this court, and no way of knowing that they were supposed to do so, because they did not ask this court to hold that the particular fee in this case was excessive. Rather, what the relators requested was that the “matter be reversed and remanded to the Compensation Judge” for review of the *281 statutory-fee award. That is what we did in Irwin, 599 N.W.2d at 142 (remanding to the workers’ compensation court of appeals, not to a compensation judge, because the compensation judges had already made findings regarding the reasonableness of the fees), and the relators would have had no reason to know that, in this case, the court would create a new barrier to judicial review of a statutory-fee award. Because they expected to have a chance to prove excessiveness before the compensation judge in the first instance, in accordance with Irwin, they could not have known that they needed to prove the ex-cessiveness of the fee to this court.
In short, the court penalizes the relators for failing to meet a standard that had not yet been announced because they failed to present evidence that they would have had no reason to present to this court. Even if I agreed that this case is distinguishable from Irwin, the court’s decision simply goes too far.
IV.
For the foregoing reasons, I respectfully dissent.

. The court insists it is "reaffirm[ing] the holding in Irwin,” and therefore attorneys representing injured employees should not worry. See Irwin, 599 N.W.2d at 142. But if a party responsible for paying an attorney (the employer and an insurer in this case, but perhaps an employee in a different case) wants to argue that the statutory fee is excessive, the court will refuse to entertain such a challenge absent exceptional circumstances. In short, the court decides to err on the side of overcompensating attorneys — an approach that is in tension with Minn. R. Prof. Conduct 1.5(a) ("A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.”).

. Of course, as illustrated by this case, the statutory scheme governing attorney fees in workers' compensation cases differs from a normal contingent-fee arrangement because it sometimes requires the employer or an insurer, rather than the employee, to pay the employee’s attorney. See Minn.Stat. § 176.081, subd. 1(a)(1).