*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0395**

In the Matter of the Cross Application of Anthony E. Sampair and Laurie K. Sampair to register the title to the following described real estate situated in Washington County, Minnesota, namely: Lots 1 and 2, Block 1, Lakewood Park Third Addition, applicants, Respondents,

vs.

Josephine Berg Simes, et al.,
Appellants,
State of Minnesota, et al.,
Defendants.

**Filed December 8, 2014
Affirmed; motion denied
Reyes, Judge**

Washington County District Court
File No. 82C706002146

Wayne B. Holstad, Frederic W. Knaak, Holstad & Knaak, P.L.C., St. Paul, Minnesota (for appellants)

Mark E. Greene, Sarah L. Krans, Bernick & Lifson, P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Reilly, Judge.

**REYES**, Judge

In this most recent appeal in the parties' easement dispute, appellants, who claim an easement over respondents' land, argue (1) the district court erred by not shifting the burden to respondents to show abandonment by appellants once appellants provided evidence of continuous use; (2) respondents' "negative evidence" was insufficient to rebut the affirmative evidence of use of the easement by appellants; and (3) the district court's finding that appellants failed to present evidence of continuous use of their easement is not supported by the record. We affirm.

## FACTS

This case arises from an application to register under the Torrens act (Minn. Stat. §§ 508.01-.84 (2012)), a lakeshore property in Washington County. Respondents Anthony and Laurie Sampair are the present owners of property on which appellants Josephine Berg Simes, James Berg, and the estate of Frima Bender claim an easement (Sampair Property). White Bear Lake is on the north side of Sampair Property. Appellants own nonlakeshore property (Berg Property) located just southwest of Sampair Property and claim the benefit of an appurtenant easement over the western portion of Sampair Property to access White Bear Lake. Directly west of the disputed easement is a 50-foot-wide public access, which is a grassy strip owned by the Village of Birchwood to allow public access to the shores of White Bear Lake.

Appellants' easement was deeded to their predecessors in interest in 1909. However, no notice of the easement was recorded within 40 years of the execution of the

2

easement as required by the Minnesota Marketable Title Act (MTA). Minn. Stat. § 541.023 (2012). Appellants argue that they fall under an exception to the MTA of being "in possession" of the easement as shown by continuous use of the easement sufficient to put a prudent person on notice from 1949 to 2006.

This case is currently in its eighth year of litigation. Respondents' predecessors originally commenced this action in 2006, when they sought to register title to Sampair Property. During the registration proceeding, the title examiner noted a number of recorded easements over Lot 1, Block 1 of Sampair Property. After acquiring the property in 2007, the Sampairs served each easement owner, and fifteen defendants answered the complaint.

The district court entered summary judgment in favor of the Sampairs, and all fifteen defendants appealed. The court of appeals affirmed summary judgment. *Sampair v. Village of Birchwood*, No. A08-1494 (Minn. App. June 9, 2009). Defendants appealed to the Minnesota Supreme Court which affirmed summary judgment against twelve of the fifteen defendants but reversed summary judgment against current appellants. *Sampair v. Village of Birchwood*, 784 N.W.2d 65, 76 (Minn. 2010). With respect to appellants, the supreme court concluded that while "[t]he possession alleged in the Simes affidavits is not described in any detail" and "[a] trier of fact might ultimately find that . . . appellants' claimed use of the easement is not credible," the affidavits "raise genuine issues of material fact as to the possession of [appellants] during the entirety of the possession period." *Id.* at 76.

3

On remand, the parties engaged in further discovery, during which Ms. Berg Simes was deposed. Respondents brought another motion for summary judgment, arguing that the affidavits were already reviewed by the supreme court and Ms. Berg Simes' deposition testimony was insufficient to raise a genuine issue of material fact. The district court again awarded summary judgment to respondents. The court of appeals reversed and remanded, and a two-day bench trial was held. *Sampair v. Simes*, No. A12-1028 (Minn. App. Apr. 2013).

Ms. Berg Simes, her two sons David and James Berg, and neighbor Brian Lind all testified in favor of appellants. Their testimony recalled various instances of using the easement to access the lake during the summer months from the 1950s to 2006. For example, Ms. Berg Simes testified that appellants used the easement for bathing, swimming, and boating, including building a dock on it. However, on cross-examination, Ms. Berg Simes admitted that this was inconsistent with her deposition testimony that she did not know the dividing line between the public access and easement and that she did not know which access her parents used to get to the lake. David and James Berg recalled using the easement for various summer activities and would beach a speedboat on it when they needed to get something from their cottages. David Berg also stated that he did not know where the dividing line was between the easement and the public access. James Berg stated that a line of trees distinguished the easement from the public access and described the easement as a "worn out spot near the road and a bit of a jungle path going forward." Brian Lind testified that he had observed children, including the Bergs,

4

using the easement and that there was a path that could be seen from the road that he improved several times by raking seaweed, clearing roots, and removing buckthorn.

A number of individuals testified on behalf of respondents, including the Sampairs, James Krizak (owner of Sampair Property just prior to the Sampairs), the Madores (also previous owners of Sampair Property and current neighbors to the immediate east), the Greeleys (neighbors to the immediate west), and James Parker who testified in an expert capacity as a land surveyor. Each resident testified that they had not seen any evidence of someone using the easement. Each resident testified that the easement was thick with vegetation, including bushes, trees, poison ivy, and buckthorn. Mr. Parker conducted a survey of the neighborhood in order to compare with various aerial photographs, the results of which were admitted into evidence. Mr. Parker concluded that the docks depicted in a 1945 photograph were not on Sampair Property.

Ultimately, the district court found in favor of respondents. Taking all of the testimony into consideration, the district court found that appellants had failed to provide evidence of continuous use of the easement sufficient to put a prudent person on notice of their claimed easement from 1949 to the start of litigation in 2006. The district court specifically noted that while appellants' testimony certainly recalled instances of using the lake, their testimony could not establish a means of access, distinguish the property dividing line between the easement and the public access located adjacent to the easement, nor establish actual position of the presumed easement. This appeal follows.

**D E C I S I O N**

The MTA provides that an interest in land whose source of record is more than 40 years old cannot be invoked in an action affecting title or possession of real estate unless, within the 40-year period after the interest was created, a special notice is recorded. Minn. Stat. § 541.023, subd. 1. If the required notice is not filed within the 40-year period, then the claimed interest is "conclusively presumed to have [been] abandoned." Minn. Stat. § 541.023, subd. 5. In this case, it is uncontested that appellants' easement was created more than 40 years ago and that the required notice was not filed. However, a number of exceptions apply to the presumption of abandonment by appellants, including an exception for "any person . . . in possession of real estate." Minn. Stat. § 541.023, subd. 6. Easements are among the interests in land that may be eliminated by the MTA, and the possession exception may be invoked by easement holders even though easements are not possessory estates. *Sampair*, 784 N.W.2d at 69.

In order to invoke the possession exception, a claimant has the burden of proving continuous possession beginning at the fortieth anniversary of the creation of the interest the claimant seeks to enforce, through the filing of the action. *Id.* at 71. For the purpose of the MTA's possession exception, "possession" of an easement means "use sufficient to put a prudent person on notice of the asserted interest in the land, giving due regard to the nature of the easement at issue." *Id.* at 70.

## I.     Burden-of-Proof Argument

Appellants argue that, while the burden of proof was initially on them to show possession, the burden should have shifted to respondents to show abandonment once respondents' motion to dismiss was denied.  Specifically, appellants argue that subdivision 5 of the MTA mandates that once a dominant estate owner shows possession, the burden of proof shifts to the servient estate owner to prove abandonment, and this switch should have occurred once the district court denied respondents' motion to dismiss.  The challenge by the appellants to the burden of proof applied by the district court raises a legal issue which we review de novo.  *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn. 2003).

Appellants are barred from making a burden-of-proof argument because it was not raised at the district court level.  The argument was not presented to the district court and appellants did not make a motion for a new trial or amended findings.  Generally, a reviewing court must consider only the issues that were presented and considered by the district court.  *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).  Accordingly, appellants are precluded from raising it here.

Even if appellants had properly raised the issue before the district court, such an argument would not be successful.  First, appellants rely on the language of subdivision 5 of the MTA to argue that the burden to show abandonment should have been placed on respondents.  Subdivision 5 of the MTA reads, in part: "**Abandonment Presumed**.  Any claimant under any instrument, event or transaction barred by the provisions of this section shall be conclusively presumed to have abandoned all right, claim, interest,

7

incumbrance, or lien based upon such instrument, event, or transaction." Minn. Stat. § 541.023, subd. 5. Under subdivision 5, any party who failed to record their property interest within 40 years is *conclusively presumed* to have abandoned such interest. *Foster v. Bergstrom*, 515 N.W.2d 581, 586-87 (Minn. App. 1994) ("A presumption of abandonment arises if the party against whom the Act is invoked has failed to record its interest in the property within 40 years from the date that interest is established."). As such, subdivision 5 stands for the opposite of what appellants argue. Appellants stipulated that no notice of the easement was recorded within 40 years of its execution. With no notice given, respondents did not have the burden of showing abandonment; rather, abandonment by appellants is presumed.

Second, appellants' contention that the burden of proof should have shifted when the district court denied respondents' motion to dismiss appears to rely on a misinterpretation of the rules of civil procedure. After appellants presented their testimony, respondents moved the court to dismiss pursuant to Minn. R. Civ. P. 41.02. This motion was denied. Appellants interpret this denial to mean that the testimony presented was enough to show possession of the easement. But when a court denies a motion to dismiss, it does not simultaneously affirm the statements of the nonmoving party. *See* Minn. R. Civ. P. 41.02(b) ("the defendant, *without waiving the right to offer evidence in the event the motion is not granted*, may move for dismissal") (emphasis added); 1A David F. Herr & Roger S. Haydock, *Minnesota Practice* § 41.02 cmt. 41:21 (5th ed. 2014) ("After a motion has been denied, the defendant then decides whether to pursue the right to present evidence in an effort to contradict or rebut plaintiff's case or to

8

rest permitting the court to rely on the plaintiff's evidence only for its findings of fact in the pending litigation."). A denial of a motion to dismiss simply allows a case to move forward.[1]

## II.  Negative Evidence

Appellants classify all of respondents' testimony as "negative" evidence. Appellants appear to make two arguments based on this classification: (1) the negative evidence should not have been admitted at all and (2) the district court erred in giving greater weight to the negative evidence than to the positive testimony of the appellants. Both arguments are unconvincing.

The challenge by the appellants to the admissibility of negative evidence is an evidentiary issue. The admissibility of evidence rests within the discretion of the district court and will not be disturbed unless it is "based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997). Unless there is an indication that the district court exercised its discretion "arbitrarily, capriciously, or contrary to legal usage," this court is bound by the district court's result. *Id.* at 46.

First, appellants question the admissibility of respondents' testimony. Appellants raise this issue for the first time on appeal. Under Minn. R. Evid. 103, a party's failure to object to the admissibility of evidence waives the issue on subsequent appeals. *Jones v. Fleischhacker*, 325 N.W.2d 633, 639 (Minn. 1982) ("[I]t is clear that error in admission

---

[1] The district court stated as much: "Okay. I will be receiving, I am sure, different views of the testimony and details of that testimony from both sides. But there is enough to move forward, so the motion is denied."

9

of evidence can be waived . . . by failing to make [a] timely objection.") (citing Minn. R. Evid. 103(a)(1)).  Because appellants never objected to the admissibility of respondents' testimony, the issue was not preserved for appeal, and appellants are precluded from raising it now.[2]

Second, appellants argue that negative evidence should be viewed as weak, and the district court erred by giving greater weight to respondents' testimony rather than appellants'.  How much weight a court should accord to negative evidence is a question of fact.  *See Lewis v. County of Hennepin*, 623 N.W.2d 258, 262 (Minn. 2001) (stating that the weight to be given valuation evidence is for the trier of fact); *J.L.B. v. T.E.B.*, 474 N.W.2d 589, 603 (Minn. App. 1991) (affirming a determination by the district court because it was within its discretion "as fact finder and evaluator of weight and credibility of evidence"), *review denied* (Minn. Oct. 11, 1991).  "The [district] court's factual findings are subject to a clearly erroneous standard of review[.]"  *State v. Critt*, 554 N.W.2d 93, 95 (Minn. App. 1996) (reviewing the substantiality of violation of *Scales* recording requirement), *review denied* (Minn. Nov. 20, 1996).

Despite appellants' contention, not all of respondents' testimony qualifies as negative evidence.  Negative evidence is evidence which is offered to show the nonexistence of a fact.  *See generally* 29 Am. Jur. 2d *Evidence* § 327 (2014).  For

---

[2] Even if appellants had objected, they failed to bring a motion for a new trial, a prerequisite for appellate review.  *See Alpha Real Estate Co. v. Delta Dental Plan*, 664 N.W.2d 303, 309-10 (Minn. 2003) (reiterating that a motion for a new trial is a prerequisite for review of issues of "trial procedure, evidentiary rulings and jury instructions").

example, in *Cotton v. Willmar & S. F. Ry. Co.*,[3] a witness testified that he did not hear the sound of a train's warning bell when the train crossed an intersection and struck the plaintiff's carriage. 99 Minn. 366, 368, 109 N.W. 835, 836-37 (1906). As the *Cotton* court explains, a witness's mere statement that he did not hear the bell ring is "valueless as evidence." *Id.* at 369, 837. But if it appears that the witness was able to hear and was in a position where he would have heard the sound had it been made, such evidence is probative and weight will be accorded to it depending on the witness's senses, proximity, degree of attention, and other circumstances. *Id.* at 368-69, 837. As the *Cotton* court stated, "[s]uch evidence while negative in form, is affirmative in substance." *Id.* at 369, 837.

Respondents' fact witness testimony is negative in form but affirmative in substance. Each of the respondents' fact witnesses lived at the Sampair Property or were its immediate neighbors. Each witness was in a position to see the easement, any paths across the easement, and any evidence of the easement's use. Respondents' testimony is thereby probative and, using *Cotton* as guidance, the amount of weight it should be given depends on the witnesses' credibility, faculties, and proximity. As a result, this is a sufficiency-of-the-evidence argument, which we will analyze next.

III. **Sufficiency of the Evidence**

Appellants argue that the district court's finding that appellants failed to present evidence of continuous use is not supported by the record. Appellate courts defer to

---

[3] In *Forde v. Northern Pac. Ry. Co.*, 241 Minn. 246, 252, 63 N.W.2d 11, 16 n.6 (Minn. 1954), the Minnesota Supreme Court cited *Cotton* as a "leading case" on negative evidence.

district court credibility determinations and will "neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder." *Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. App. 2004). The district court weighed the testimony of witnesses for both appellants and respondents to determine whether appellants had possessed the easement sufficient to put a prudent person on notice of the easement. In fact, the district court went so far as to perform a decade by decade analysis of appellants' alleged continuous use. Taking the testimony of both sides into consideration, the district court found respondents' testimony to be more credible and any use by appellants was too "sporadic and occasional . . . especially considering their use of the public access adjacent to the Sampair property." Moreover, testimony from current owners, previous owners, and immediate neighbors that the easement was covered with thick vegetation, poisonous weeds, and showed no signs of use is certainly relevant in determining whether a reasonably prudent person would be put on notice by the alleged use. Respondents' testimony, combined with inconsistencies in appellants' own testimony, show that there was reasonable evidence in the record to support the district court's carefully considered findings and that those findings are not clearly erroneous. *See* Minn. R. Civ. P. 52.01 (stating that findings of fact will not be set aside unless clearly erroneous).

## IV.  Motion for Sanctions

Respondents filed a timely motion for sanctions pursuant to Minn. Stat. § 549.211 (2012) and Minn. R. Civ. App. P. 138.[4]  Respondents ask for attorney fees and double costs in accordance with Minn. R. Civ. App. P. 138.  Respondents contend that the appeal was made only to harass, cause unnecessary delay, and to needlessly increase the cost of litigation because appellants' arguments were either already rejected by the Minnesota Supreme Court or were clearly not reviewable on appeal.  We disagree.

Conduct is measured by an objective standard under section 549.211.  *Radloff v. First Am. Nat. Bank of St. Cloud, N.A.*, 470 N.W.2d 154, 157 (Minn. App. 1991).  Sanctions may be imposed if the claims raised by appellants are presented to "cause unnecessary delay or needless increase in the cost of litigation."  Minn. Stat. § 549.211, subd. (2).  In the past, this court has awarded sanctions under Minn. R. Civ. App. P. 138 where an appellant's positions have been "duplicitous and disingenuous and have had the effect of further delaying distribution, lengthening this litigation, and increasing the expense of these proceedings."  *Redmond v. Redmond*, 594 N.W.2d 272, 276 (Minn. App. 1999).  "Duplicitous" refers to a scenario in which an appellant raises the same issues against the same parties after those issues have already received review on their merits by an appellate court.  *See Orman v. Orman*, 364 N.W.2d 836, 837-38 (Minn. App. 1985), *review denied* (Minn. May 31, 1985).

---

[4] Respondents also cite Minn. R. Civ. P. 11 as a basis for the motion.  However, Rule 11 is not a basis for a fee award on appeal.  *See Uselman v. Uselman*, 464 N.W.2d 130, 145 (Minn. 1990) (denying a motion for fees on appeal made under Rule 11 because the motion was beyond the scope of Rule 11), *superseded by statute on other grounds*, Minn.Stat. § 549.21 (1990) (repealed 1997).

13

Respondents correctly point out that appellants previously made a burden-of-proof argument to the Minnesota Supreme Court, which was explicitly rejected. *Sampair*, 784 N.W.2d at 73-74 (discussing which party had the burden of proof and ultimately concluding that "appellants, as the parties seeking the protection of the MTA possession exception, bore the burden of proving possession"). However, the argument made to the Minnesota Supreme Court differs slightly from the argument made here. While appellants previously argued that the burden of proof was not on them in the first place, their argument here admits that the burden was initially on them but contends that it should have shifted after the motion to dismiss was denied. Although the argument is unconvincing, it does differ slightly from the contention made at the supreme court, and, on this record, we conclude that this subtle difference removes this argument from *Orman*'s definition of "duplicitous." *See Orman*, 364 N.W.2d at 837-38.[5]

Respondents further argue that appellants' negative-evidence argument was offered only for purposes of delay. Respondents correctly state that appellants previously made a negative-evidence argument in their 2008 appeal to this court. This court did not address this argument in our opinion affirming summary judgment. *See Sampair v. Village of Birchwood*, No. A08-1494 (Minn. App. June 9, 2009). Respondents argue that

---

[5] We recognize that appellants first raised this particular argument on appeal from the district court's 2012 award of summary judgment. However, this court reversed and remanded without commenting on the burden-of-proof argument. *Sampair v. Simes*, 2013 WL 1705047 (Minn. App. 2013). On remand, appellant did not raise the burden-of-proof argument at the district court level but once again raises it here. While this version of the argument is barred by *Thiele*, appellant did not receive review of the merits of the argument, and, therefore, it does not qualify as "duplicitous." *See Orman*, 364 N.W.2d at 837-38.

14

appellants' reprising of the negative-evidence argument despite their failure to object at the lower court is further evidence that the appeal was brought merely to delay. Respondents, however, failed to properly classify appellants' negative-evidence argument. The heart of their argument revolves around how much weight negative testimony should be given, not whether it should be admissible in the first place.[6] Because this argument was not addressed in the previous appeal, it cannot be deemed "duplicitous" under *Redmond* and *Orman*. Furthermore, the issue was preserved for appeal because appellants made the argument at the district court level during their written closing argument, and the district court implicitly rejected it. Although this argument is a difficult one to make given the district court's thorough analysis, appellants have a right to appeal a district court's credibility determination.

**Affirmed; motion denied.**

---

[6] Appellants make a brief admissibility argument. As previously stated, this argument is not properly before us because it was not raised at the district court level.